No. 26-40237

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

NATIONAL RELIGIOUS BROADCASTERS; SAND SPRINGS CHURCH; FIRST BAPTIST CHURCH WASKOM; INTERCESSORS FOR AMERICA,

*Plaintiffs-Appellants,*

v.

SCOTT BESSENT, ACTING COMMISSIONER OF THE INTERNAL REVENUE SERVICE; INTERNAL REVENUE SERVICE,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Texas
Case No. 6:24-CV-311

## RECORD EXCERPTS

James A. Campbell
John J. Bursch
David A. Cortman
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jcampbell@ADFlegal.org
jbursch@ADFlegal.org
dcortman@ADFlegal.org

Michael P. Farris
   *Counsel of Record*
Sarah Siu
NATIONAL RELIGIOUS BROADCASTERS
800 Maryland Ave, N.E.
Washington, D.C. 20002
(571) 359-6000
mfarris@nrb.org
ssiu@nrb.org

Jacob P. Warner
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jwarner@ADFlegal.org

Rita M. Peters
CITIZENS FOR SELF-GOVERNANCE
7586 Stoney Lick Road
Mount Crawford, VA 22841
540-830-1229
rpeters@selfgovern.com

*Counsel for Appellants*

# Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 6:24-CV-311 | ROA.1-18 | Tab 1 |
| Notice of Appeal | ROA.1143-1145 | Tab 2 |
| Order | ROA.1133-1141 | Tab 3 |
| Judgment | ROA.1142 | Tab 4 |



**TAB 1**

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Tyler)
## CIVIL DOCKET FOR CASE #: 6:24-cv-00311-JCB

National Religious Broadcasters et al v. Bessent et al
Assigned to: District Judge J. Campbell Barker
Case in other court:  USCA, 26-40237
Cause: 28:2201 Declaratory Judgement

Date Filed: 08/28/2024
Date Terminated: 03/31/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**National Religious Broadcasters**

represented by **David A Kallman**
David A. Kallman
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207
Email: dave@kallmanlegal.com
*ATTORNEY TO BE NOTICED*

**Michael Paul Farris**
National Religious Broadcasters
20 F Street
Ste Seventh Floor
Washington, DC 20001
202-341-4783
Email: mfarris@nrb.org
*ATTORNEY TO BE NOTICED*

**Rita Peters**
Citizens for Self-Governance
5850 San Felipe
Suite 580a
77057
Houston, TX 77057
540-830-1229
Email: rpeters@selfgovern.com
*ATTORNEY TO BE NOTICED*

**Stephen Kallman**
Kallman Legal Group, PLLC
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207
Email: steve@kallmanlegal.com
*ATTORNEY TO BE NOTICED*

**Andrew William Stinson**

<span style="color:red">26-40237.1</span>

Ramey & Flock, PC
Texas
100 E Ferguson Street
Suite 500
Tyler
Tyler, TX 75702
903-597-3301
Email: andys@rameyflock.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Sand Springs Church** | represented by | **David A Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Paul Farris**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Rita Peters**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Andrew William Stinson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **First Baptist Church Waskom** | represented by | **David A Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Paul Farris**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Rita Peters**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Andrew William Stinson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Intercessors for America** | represented by | **David A Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Paul Farris**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Rita Peters**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Kallman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Andrew William Stinson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Scott Bessent**<br>*Replaced Danny Werfel* | represented by | **Jonathan L Blacker**<br>DOJ-Tax<br>1700 Pacific Avenue, Suite 3700<br>Dallas, TX 75201<br>214-880-9765<br>Email: jonathan.blacker2@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Aaron Henricks**<br>Department of Justice - Office of the Deputy<br>Attorney Genera<br>950 Pennsylvania Avenue<br>Washington, DC 20530<br>202-812-9443<br>Email: aaron.henricks3@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **Eduardo Mendoza**<br>Meadows Collier etal<br>901 Main Street<br>Ste 3700<br>Dallas, TX 75202<br>214-744-3700<br>Email: emendoza@meadowscollier.com<br>*TERMINATED: 03/19/2025*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**The Internal Revenue Service**     represented by **Jonathan L Blacker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Henricks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eduardo Mendoza**
(See above for address)
*TERMINATED: 03/19/2025*
*ATTORNEY TO BE NOTICED*

**Movant**

**America's Future**     represented by **J. Mark Brewer**
J. Mark Brewer
222 Hilltop Drive
Spring Branch, TX 78070
830-307-7787
Email: brewer@bplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Orthodox Church Mission Fund of Texas**     represented by **J. Mark Brewer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Orthodox Church Mission Fund of Houston, Texas**     represented by **J. Mark Brewer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Conservative Legal Defense and Education Fund**     represented by **J. Mark Brewer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Campaign Legal Center**     represented by **Adav Noti**
Campaign Legal Center
1101 14th St. NW
Suite 400
Washington, DC 20005

202-736-2203
Email: anoti@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Heather Szilagyi**
Campaign Legal Center
1101 14th St. NW
Suite 400
Washington, DC 20005
202-736-2200
Email: hszilagyi@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**Kevin P. Hancock**
Campaign Legal Center
1101 14th St. NW
Suite 400
Washington, DC 20005
202-736-2200
Fax: 202-736-2222
Email: khancock@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sejal Jhaveri**
1101 14th St. NW
Suite 400
Washington, DC 20005
202-736-2200
Email: sjhaveri@campaignlegalcenter.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Cornerstone Chapel**                     represented by  **Ryan J Tucker**
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
Email: rtucker@adflegal.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Andrew Cortman**
Alliance Defending Freedom
1000 Hurricane Shoals Road NE
Ste D 1100
Lawrenceville, GA 30043
17703390774
Fax: 17703396744
Email: dcortman@adflegal.org
*ATTORNEY TO BE NOTICED*

<span style="color:red">**26-40237.5**</span>

|  |  | **Mark Lippelmann** |
|---|---|---|
|  |  | 15100 N 90th Street |
|  |  | Scottsdale, AZ 85260 |
|  |  | 316-210-8719 |
|  |  | Email: mlippelmann@adflegal.org |
|  |  | *PRO HAC VICE* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Amicus**</u>

| **First Baptist Church of Dallas** | represented by | **Ryan J Tucker** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **David Andrew Cortman** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Mark Lippelmann** |
|  |  | (See above for address) |
|  |  | *PRO HAC VICE* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Amicus**</u>

| **Institute for Free Speech and Bradley A. Smith** | represented by | **Owen Dennis Yeates** |
|---|---|---|
|  |  | Institute for Free Speech - DC |
|  |  | 1150 Connecticut Ave., Ste. 801 |
|  |  | Washington, DC 20036 |
|  |  | 2023013300 |
|  |  | Email: oyeates@ifs.org |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Amicus**</u>

| **Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc.** | represented by | **Rachel Palmer Hooper** |
|---|---|---|
|  |  | Baker & Hostetler LLP - Houston |
|  |  | 811 Main Street |
|  |  | Ste 1100 |
|  |  | Houston, TX 77002 |
|  |  | 713-646-1329 |
|  |  | Email: rhooper@bakerlaw.com |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Allen J Dickerson** |
|  |  | Baker & Hostetler LLP |
|  |  | 1050 Connecticut Ave. |
|  |  | Suite 1100 |
|  |  | Washington, DC 20036 |
|  |  | 202-861-1507 |
|  |  | Email: adickerson@bakerlaw.com |

*PRO HAC VICE*

**Amicus**

**First Liberty Insitute**         represented by    **Jeremiah Grant Dys**
*First Liberty Institute*                                        First Liberty Institute
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075
972-941-4444
Fax: 972-941-4457
Email: JDys@firstliberty.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Jonathan Hacker**
First Liberty Institute
2001 W. Plano Pkwy
Suite 1600
Plano, TX 75075
972-941-4444
Email: dhacker@firstliberty.org
*ATTORNEY TO BE NOTICED*

**Hiram Stanley Sasser , III**
Liberty Institute
2001 W. Plano Parkway
Ste 1600
Plano, TX 75075
972-941-4447
Fax: 972-941-4457
Email: hsasser@libertyinstitute.org
*ATTORNEY TO BE NOTICED*

**Jeffrey Carl Mateer**
First Liberty Institute
2001 Plano Parkway
Suite 1600
Plano, TX 75075
9729414444
Fax: 9724236162
Email: jmateer@firstliberty.org
*ATTORNEY TO BE NOTICED*

**Ryan Nathan Gardner**
First Liberty Institute
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075
972-941-4444
Email: rgardner@firstliberty.org
*ATTORNEY TO BE NOTICED*

**Amicus**

26-40237.7

| | | |
|---|---|---|
| **Liberty Counsel** | represented by | **Mat Staver** |

Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
800-671-1776
Email: jill@lc.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

| | | |
|---|---|---|
| **Americans United for Separation of Church and State** | represented by | **Alexandra Zaretsky** |

New York Legal Assistance Group
Special Litigation Unit
100 Pearl Street
19th Floor
New York, NY 10004
212-659-7515
Fax: 212-714-7201
Email: zaretsky@au.org
*TERMINATED: 02/02/2026*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Zalph**
Americans United for Separation of Church and State
1310 L Street NW
Ste 200
Washington, DC 20005
646-427-5160
Email: zalph@au.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin Woodward**
Kitner Woodward PLLC
13101 Preston Road, Suite 110-3323
Dallas, TX 75240
214-443-4304
Fax: 214-443-4304
Email: martin@kitnerwoodward.com
*ATTORNEY TO BE NOTICED*

**Rebecca Markert**
Americans United
1310 L St NW
Ste 200
Washington, DC 20005
202-898-2133

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2024 | 1 (p.19) | COMPLAINT *FOR DECLARATORY RELIEF* against The Internal Revenue Service, Danny Werfel ( Filing fee $ 405 receipt number ATXEDC-10325031.), filed by National Religious Broadcasters, Intercessors for America, First Baptist Church Waskom, Sand Springs Church. (Attachments: # 1 (p.19) Civil Cover Sheet)(Stinson, Andrew) (Entered: 08/28/2024) |
| 08/28/2024 | 2 (p.74) | SUMMONS Issued as to The Internal Revenue Service and Danny Werfel. (Attachments: # 1 (p.19) Summons)(ndc) (Entered: 08/28/2024) |
| 08/29/2024 | | District Judge J. Campbell Barker added. (gsm) (Entered: 08/29/2024) |
| 08/29/2024 | 3 (p.78) | ORDER REGULATING PRACTICE (gsm) (Entered: 08/29/2024) |
| 08/30/2024 | 4 (p.82) | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church (Stinson, Andrew) (Entered: 08/30/2024) |
| 09/05/2024 | 5 (p.84) | FIRST NOTICE of Attorney Appearance by Michael Paul Farris on behalf of All Plaintiffs (Farris, Michael) (Entered: 09/05/2024) |
| 09/11/2024 | 6 (p.86) | NOTICE of Attorney Appearance - Pro Hac Vice by Rita Peters on behalf of All Plaintiffs. Filing fee $ 100, receipt number ATXEDC-10352041. (Peters, Rita) (Entered: 09/11/2024) |
| 09/23/2024 | 7 (p.88) | SUMMONS Returned Executed by National Religious Broadcasters, Intercessors for America, First Baptist Church Waskom, Sand Springs Church. The Internal Revenue Service served on 9/9/2024. (Stinson, Andrew) (Entered: 09/23/2024) |
| 10/21/2024 | 8 (p.92) | UNOPPOSED MOTION for Extension of Time to File Answer by The Internal Revenue Service, Danny Werfel. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 10/21/2024) |
| 11/04/2024 | 9 (p.96) | ORDER granting 8 (p.92) Motion for Extension of Time to Answer. The new deadline to answer or otherwise respond to the complaint shall be December 23, 2024. Signed by District Judge J. Campbell Barker on 11/4/2024. (ndc) (Entered: 11/04/2024) |
| 12/05/2024 | 10 (p.97) | NOTICE of Change of Address by Eduardo Mendoza. (E-filers are reminded that they must also use their PACER account to submit an address change to the NextGen ECF system.) (Mendoza, Eduardo) (Entered: 12/05/2024) |
| 12/17/2024 | 11 (p.99) | UNOPPOSED MOTION for Leave to File Excess Pages by Danny Werfel, The Internal Revenue Service. (Attachments: # 1 (p.19) Proposed Order)(Mendoza, Eduardo) (Entered: 12/17/2024) |
| 12/19/2024 | 12 (p.104) | ORDER granting 11 (p.99) Motion for Leave to File Excess Pages. Signed by District Judge J. Campbell Barker on 12/19/2024. (gsm) (Entered: 12/19/2024) |
| 12/23/2024 | 13 (p.105) | MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* by Danny Werfel, The Internal Revenue Service. (Attachments: # 1 (p.19) |

| | | |
|---|---|---|
| | | Proposed Order)(Mendoza, Eduardo) (Entered: 12/23/2024) |
| 12/30/2024 | 14 (p.156) | MOTION for Extension of Time to File Response/Reply as to 13 (p.105) MOTION to Dismiss *Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* by National Religious Broadcasters, Sand Springs Church, First Baptist Church Waskom, Intercessors for America. (Attachments: # 1 (p.19) Proposed Order)(Farris, Michael) (Entered: 12/30/2024) |
| 01/03/2025 | 15 | ORAL ORDER: Plaintiffs' Doc. 14 (p.156) MOTION for Extension of Time to File Response/Reply to Defendants' Motion to Dismiss Doc. 13 (p.105) is granted. The new deadline to respond/reply shall be February 21, 2025. Ordered by District Judge J. Campbell Barker on 1/3/2025. (ndc) (Entered: 01/03/2025) |
| 01/27/2025 | 16 (p.161) | NOTICE of Attorney Appearance by David A Kallman on behalf of All Plaintiffs (Kallman, David) (Entered: 01/27/2025) |
| 01/27/2025 | 17 (p.162) | NOTICE of Attorney Appearance by Stephen Kallman on behalf of All Plaintiffs (Kallman, Stephen) (Entered: 01/27/2025) |
| 02/19/2025 | 18 (p.163) | FIRST MOTION to Amend/Correct 1 (p.19) Complaint, by All Plaintiffs. (Attachments: # 1 (p.19) Proposed Order, # 2 (p.74) Exhibit)(Farris, Michael) (Entered: 02/19/2025) |
| 02/21/2025 | 19 (p.241) | ORDER denying 13 (p.105) Motion to Dismiss; granting 18 (p.163) Motion to Amend. Plaintiffs are directed to file the amended complaint as a separate docket entry. The court also adopts the parties' agreed schedule for responses and briefing. Signed by District Judge J. Campbell Barker on 2/21/2025. (ndc) (Entered: 02/21/2025) |
| 02/21/2025 | 20 (p.243) | FIRST AMENDED COMPLAINT against The Internal Revenue Service, Danny Werfel, filed by Intercessors for America, National Religious Broadcasters, First Baptist Church Waskom, Sand Springs Church.(Farris, Michael) (Entered: 02/21/2025) |
| 03/12/2025 | 21 (p.316) | UNOPPOSED MOTION to Withdraw as Attorney by Danny Werfel, The Internal Revenue Service. (Attachments: # 1 (p.19) Proposed Order)(Mendoza, Eduardo) (Entered: 03/12/2025) |
| 03/19/2025 | 22 (p.319) | ORDER granting 21 (p.316) Motion to Withdraw Attorney Eduardo Mendoza. Signed by District Judge J. Campbell Barker on 3/19/2025. (ndc) (Entered: 03/19/2025) |
| 04/21/2025 | 23 (p.320) | FIRST MOTION for Partial Summary Judgment by First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church. (Attachments: # 1 (p.19) Proposed Order)(Farris, Michael) (Entered: 04/21/2025) |
| 04/22/2025 | 24 (p.355) | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 23 (p.320) FIRST MOTION for Partial Summary Judgment by The Internal Revenue Service. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 04/22/2025) |
| 04/22/2025 | 25 (p.359) | UNOPPOSED MOTION for Extension of Time to File Answer re 20 (p.243) Amended Complaint by The Internal Revenue Service. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 04/22/2025) |
| 04/23/2025 | 26 | ORAL ORDER: Defendants' 24 (p.355) unopposed motion for an extension of time to respond to plaintiffs' 23 (p.320) motion for partial summary judgment is granted. |

26-40237.10

| | | |
|---|---|---|
| | | Any such response shall be due on June 5, 2025. Ordered by District Judge J. Campbell Barker on 4/23/2025. (ndc) (Entered: 04/23/2025) |
| 04/25/2025 | 27 (p.365) | ORDER granting 25 (p.359) Motion for extension of time and amending briefing schedule. Defendants shall answer or otherwise respond to the amended complaint no later than 5/22/2025. By 5/23/2025, the parties shall inform the court as to whether a hearing on certain motions is desired. Signed by District Judge J. Campbell Barker on 4/25/2025. (ndc) (Entered: 04/25/2025) |
| 04/29/2025 | 28 (p.367) | FIRST MOTION *for Request for Oral Argument* by All Plaintiffs. (Farris, Michael) (Entered: 04/29/2025) |
| 05/05/2025 | 29 (p.370) | RESPONSE to 27 (p.365) Order on Motion for Extension of Time to Answer, *Plaintiffs' Request for Oral Argument filed by First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church.* (Stinson, Andrew) (Entered: 05/05/2025) |
| 05/22/2025 | 30 (p.373) | ANSWER to 20 (p.243) Amended Complaint by The Internal Revenue Service, Danny Werfel.(Blacker, Jonathan) (Entered: 05/22/2025) |
| 05/27/2025 | 31 (p.398) | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 23 (p.320) FIRST MOTION for Partial Summary Judgment by The Internal Revenue Service, Danny Werfel. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 05/27/2025) |
| 06/02/2025 | 32 | ORAL ORDER: Defendants' 31 (p.398) unopposed motion for an extension of time to respond to plaintiffs' 23 (p.320) motion for partial summary judgment is granted. Any such response shall be due on July 7, 2025. Ordered by District Judge J. Campbell Barker on 6/2/2025. (ndc) (Entered: 06/02/2025) |
| 07/06/2025 | 33 (p.402) | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 23 (p.320) FIRST MOTION for Partial Summary Judgment by The Internal Revenue Service, Danny Werfel. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 07/06/2025) |
| 07/07/2025 | 34 (p.406) | JOINT MOTION to Stay *All Deadlines and Notice of Settlement* by The Internal Revenue Service, Danny Werfel. (Blacker, Jonathan) (Entered: 07/07/2025) |
| 07/07/2025 | 35 (p.408) | JOINT MOTION Order for Entry of Consent Judgment by The Internal Revenue Service, Danny Werfel. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 07/07/2025) |
| 07/08/2025 | 36 (p.419) | ORDER granting 34 (p.406) joint motion to stay and denying as moot 33 (p.402) unopposed motion for extension of time to respond. All deadlines in this case are stayed pending this court's review of the proposed consent judgment. Signed by District Judge J. Campbell Barker on 7/8/2025. (ndc) (Entered: 07/08/2025) |
| 07/10/2025 | 37 (p.420) | OPPOSED MOTION to Intervene *as Defendant, or, in the Alternative, Unopposed Motion for Leave to File as Amicus Curiae* by Americans United for Separation of Church and State. (Attachments: # 1 (p.19) Affidavit/Declaration Declaration of Rob Boston in Support of Motion, # 2 (p.74) Proposed Order)(Woodward, Martin) (Entered: 07/10/2025) |
| 07/10/2025 | 38 (p.443) | Stricken per order 102 *Intervenor-Defendant's* ANSWER to 20 (p.243) Amended Complaint by Americans United for Separation of Church and State.(Woodward, Martin) Modified on 12/12/2025 (ndc). (Entered: 07/10/2025) |

| | | |
|---|---|---|
| 07/10/2025 | 39 (p.464) | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by Americans United for Separation of Church and State (Woodward, Martin) (Entered: 07/10/2025) |
| 07/11/2025 | 40 (p.466) | NOTICE of Attorney Appearance - Pro Hac Vice by Alexandra Zaretsky on behalf of Americans United for Separation of Church and State. Filing fee $ 100, receipt number ATXEDC-10955237. (Zaretsky, Alexandra) (Entered: 07/11/2025) |
| 07/14/2025 | 41 (p.468) | NOTICE of Attorney Appearance - Pro Hac Vice by Jessica Zalph on behalf of Americans United for Separation of Church and State. Filing fee $ 100, receipt number ATXEDC-10956408. (Zalph, Jessica) (Entered: 07/14/2025) |
| 07/17/2025 | 42 (p.470) | ORDER granting 37 (p.420) Motion for leave to file an amicus curiae brief opposing the proposed consent judgment. Signed by District Judge J. Campbell Barker on 7/17/2025. (gsm) (Entered: 07/17/2025) |
| 07/18/2025 | 43 (p.471) | FIRST RESPONSE in Opposition re 37 (p.420) OPPOSED MOTION to Intervene *as Defendant, or, in the Alternative, Unopposed Motion for Leave to File as Amicus Curiae filed by Americans United for Separation of Church and State, First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church*. (Farris, Michael) (Additional attachment(s) added on 7/18/2025: # 1 (p.19) Proposed Order) (kcv). (Entered: 07/18/2025) |
| 07/21/2025 | 44 (p.485) | UNOPPOSED MOTION Consolidate Reply Briefing , UNOPPOSED MOTION for Leave to File Excess Pages by Americans United for Separation of Church and State. (Attachments: # 1 (p.19) Proposed Order)(Zaretsky, Alexandra) (Entered: 07/21/2025) |
| 07/22/2025 | 45 | ORAL ORDER: The 44 (p.485) Unopposed Motion to Consolidate Reply Briefing is granted. The consolidated reply may be up 10 pages long and is due no later than one week after Defendants' forthcoming response to the 37 (p.420) Opposed Motion to Intervene, if any. Ordered by District Judge J. Campbell Barker on 7/22/2025. (ndc) (Entered: 07/22/2025) |
| 07/24/2025 | 46 (p.489) | RESPONSE in Opposition re 37 (p.420) OPPOSED MOTION to Intervene *as Defendant, or, in the Alternative, Unopposed Motion for Leave to File as Amicus Curiae filed by The Internal Revenue Service, Danny Werfel*. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 07/24/2025) |
| 07/25/2025 | 47 (p.506) | NOTICE of Attorney Appearance - Pro Hac Vice by Rebecca Markert on behalf of Americans United for Separation of Church and State. Filing fee $ 100, receipt number ATXEDC-10983542. (Markert, Rebecca) (Entered: 07/25/2025) |
| 07/25/2025 | 48 (p.508) | Brief of Amicus Curiae Americans United For Separation of Church and State in Opposition to Joint Motion for Entry of Consent Judgment by Americans United for Separation of Church and State. (Zaretsky, Alexandra) Modified on 9/22/2025 to correct the docket so it is no longer a motion. (ndc). (Entered: 07/25/2025) |
| 07/31/2025 | 49 (p.542) | AGREED MOTION for Leave to File *Respond to Amicus Curiae Brief* by First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church. (Attachments: # 1 (p.19) Proposed Order)(Stinson, Andrew) (Entered: 07/31/2025) |
| 07/31/2025 | 50 (p.546) | FIRST REPLY to Response re 37 (p.420) OPPOSED MOTION to Intervene *as Defendant, or, in the Alternative, Unopposed Motion for Leave to File as Amicus Curiae filed by Americans United for Separation of Church and State*. (Zaretsky, Alexandra) (Entered: 07/31/2025) |

| | | |
|---|---|---|
| 07/31/2025 | 51 (p.559) | OPPOSED MOTION for Leave to File *Amicus Brief* by Campaign Legal Center. (Attachments: # 1 (p.19) Exhibit Proposed Brief of Amici Curiae Campaign Legal Center, Public Citizen, and Common Cause Opposing the Parties' Joint Motion for Entry of Consent Judgment)(Szilagyi, Heather) (Entered: 07/31/2025) |
| 08/01/2025 | 52 (p.595) | FIRST RESPONSE in Opposition re 51 (p.559) OPPOSED MOTION for Leave to File *Amicus Brief filed by First Baptist Church Waskom, Intercessors for America, National Religious Broadcasters, Sand Springs Church*. (Farris, Michael) (Entered: 08/01/2025) |
| 08/01/2025 | 53 (p.601) | ORDER granting 51 (p.559) OPPOSED MOTION for Leave to File Amicus Brief and granting 49 (p.542) AGREED MOTION for Leave to File Response to Amicus Curiae Brief. Signed by District Judge J. Campbell Barker on 8/1/2025. (ndc) (Entered: 08/01/2025) |
| 08/04/2025 | 54 (p.602) | BRIEF filed *Brief of Amici Curiae Campaign Legal Center, Public Citizen, and Common Cause* by Campaign Legal Center. (Szilagyi, Heather) (Entered: 08/04/2025) |
| 08/04/2025 | 55 (p.633) | UNOPPOSED MOTION for Leave to File *Brief as Amicus Curiae* by Cornerstone Chapel, First Baptist Church of Dallas. (Attachments: # 1 (p.19) Proposed Order)(Tucker, Ryan) (Additional attachment(s) added on 8/6/2025: # 2 (p.74) Corrected Proposed Order) (gsm). (Entered: 08/04/2025) |
| 08/05/2025 | 56 (p.640) | NOTICE of Attorney Appearance - Pro Hac Vice by Sejal Jhaveri on behalf of Campaign Legal Center. Filing fee $ 100, receipt number ATXEDC-11004592. (Jhaveri, Sejal) (Entered: 08/05/2025) |
| 08/05/2025 | 57 (p.642) | NOTICE of Attorney Appearance - Pro Hac Vice by Adav Noti on behalf of Campaign Legal Center. Filing fee $ 100, receipt number ATXEDC-11004628. (Noti, Adav) (Entered: 08/05/2025) |
| 08/05/2025 | 58 (p.644) | UNOPPOSED MOTION for Leave to File *Brief Amicus Curiae* by America's Future, Orthodox Church Mission Fund of Texas, Orthodox Church Mission Fund of Houston, Texas, Conservative Legal Defense and Education Fund. (Attachments: # 1 (p.19) Proposed Order)(Brewer, J. Mark) (Entered: 08/05/2025) |
| 08/05/2025 | 59 (p.649) | UNOPPOSED MOTION for Leave to File *Brief as amici curiae* by Institute for Free Speech and Bradley A. Smith. (Attachments: # 1 (p.19) Proposed Order Proposed order granting motion leave to file)(Yeates, Owen) (Entered: 08/05/2025) |
| 08/05/2025 | 60 (p.656) | UNOPPOSED MOTION for Leave to File *an Amicus Curiae Brief* by Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc.. (Attachments: # 1 (p.19) Proposed Order)(Hooper, Rachel) (Additional attachment(s) added on 8/6/2025: # 2 (p.74) Corrected Proposed Order) (gsm). (Entered: 08/05/2025) |
| 08/05/2025 | 61 (p.663) | Amicus Curiae APPEARANCE entered by Hiram Stanley Sasser, III on behalf of First Liberty Insitute. (Sasser, Hiram) (Entered: 08/05/2025) |
| 08/05/2025 | 62 (p.664) | Amicus Curiae APPEARANCE entered by Jeremiah Grant Dys on behalf of First Liberty Insitute. (Dys, Jeremiah) (Entered: 08/05/2025) |
| 08/05/2025 | 63 (p.665) | NOTICE of Attorney Appearance - Pro Hac Vice by Allen J Dickerson on behalf of Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc.. Filing fee $ 100, receipt number ATXEDC-11006638. |

| | | |
|---|---|---|
| | | (Dickerson, Allen) (Entered: 08/05/2025) |
| 08/05/2025 | 64 (p.667) | Amicus Curiae APPEARANCE entered by Jeffrey Carl Mateer on behalf of First Liberty Insitute. (Mateer, Jeffrey) (Entered: 08/05/2025) |
| 08/05/2025 | 65 (p.668) | Amicus Curiae APPEARANCE entered by David Jonathan Hacker on behalf of First Liberty Insitute. (Hacker, David) (Entered: 08/05/2025) |
| 08/05/2025 | 66 (p.669) | UNOPPOSED MOTION for Leave to File *Amicus Brief* by First Liberty Insitute. (Dys, Jeremiah) (Additional attachment(s) added on 8/6/2025: # 1 (p.19) Proposed Order) (gsm). (Entered: 08/05/2025) |
| 08/05/2025 | 67 (p.675) | Amicus BRIEF filed by First Liberty Insitute. (Attachments: # 1 (p.19) Exhibit Exhib A Letter-IRS to GSL, # 2 (p.74) Exhibit Exhib B Letter-IRS to New Way, # 3 (p.78) Exhibit Exhib C Letter-IRS to CE)(Dys, Jeremiah) Modified on 8/6/2025 (jbe). (Entered: 08/05/2025) |
| 08/05/2025 | 68 (p.732) | UNOPPOSED MOTION for Leave to File *Amicus Brief* by Liberty Counsel. (Attachments: # 1 (p.19) Proposed Order Granting Leave to File Amicus Brief)(Staver, Mat) (Additional attachment(s) added on 8/6/2025: # 2 (p.74) Corrected Proposed Order) (gsm). (Entered: 08/05/2025) |
| 08/05/2025 | 69 (p.738) | NOTICE of Attorney Appearance by Owen Dennis Yeates on behalf of Institute for Free Speech and Bradley A. Smith (Yeates, Owen) (Entered: 08/05/2025) |
| 08/06/2025 | 70 (p.739) | NOTICE of Attorney Appearance by Ryan Nathan Gardner on behalf of First Liberty Insitute (Gardner, Ryan) (Entered: 08/06/2025) |
| 08/07/2025 | 71 (p.740) | NOTICE of Attorney Appearance - Pro Hac Vice by Kevin P. Hancock on behalf of Campaign Legal Center. Filing fee $ 100, receipt number ATXEDC-11010270. (Hancock, Kevin) (Entered: 08/07/2025) |
| 08/07/2025 | 72 (p.742) | ORDER granting 66 (p.669) unopposed motion for leave to file an amicus brief filed by First Liberty Insitute, granting 60 (p.656) unopposed motion for leave to file an amicus brief filed by Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc., granting 55 (p.633) unopposed motion for leave to file amicus brief filed by First Baptist Church of Dallas, Cornerstone Chapel, granting 58 (p.644) unopposed motion for leave to file amicus brief filed by Conservative Legal Defense and Education Fund, Orthodox Church Mission Fund of Texas, America's Future, Orthodox Church Mission Fund of Houston, Texas, granting 68 (p.732) unopposed motion for leave to file amicus brief filed by Liberty Counsel, granting 59 (p.649) unopposed motion for leave to file amicus brief filed by Institute for Free Speech and Bradley A. Smith. The parties and Americans United for Separation of Church and State, whose motion for intervention is pending 37 (p.420) , may respond to any amicus by August 15, 2025. Signed by District Judge J. Campbell Barker on 8/7/2025. (ndc) (Entered: 08/07/2025) |
| 08/07/2025 | 73 (p.743) | NOTICE of Attorney Appearance - Pro Hac Vice by Mark Lippelmann on behalf of Cornerstone Chapel, First Baptist Church of Dallas. Filing fee $ 100, receipt number ATXEDC-11011650. (Lippelmann, Mark) (Entered: 08/07/2025) |
| 08/07/2025 | 74 (p.745) | NOTICE of Attorney Appearance by David Andrew Cortman on behalf of Cornerstone Chapel, First Baptist Church of Dallas (Cortman, David) (Entered: 08/07/2025) |
| 08/07/2025 | 75 | NOTICE of Attorney Appearance by Ryan J Tucker on behalf of Cornerstone |

| | | |
|---|---|---|
| | (p.746) | Chapel, First Baptist Church of Dallas (Tucker, Ryan) (Entered: 08/07/2025) |
| 08/11/2025 | 76 (p.747) | BRIEF of Amicus Curiae filed by Liberty Counsel. (Attachments: # 1 (p.19) Exhibit A - Commission Report)(Staver, Mat) Modified on 8/13/2025 (gsm). (Entered: 08/11/2025) |
| 08/11/2025 | 77 (p.876) | BRIEF filed *as Amicus Curiae* by Cornerstone Chapel, First Baptist Church of Dallas. (Tucker, Ryan) (Entered: 08/11/2025) |
| 08/11/2025 | 78 (p.911) | BRIEF filed *as Amicus Curiae* by America's Future, Conservative Legal Defense and Education Fund, Orthodox Church Mission Fund of Houston, Texas, Orthodox Church Mission Fund of Texas. (Brewer, J. Mark) (Entered: 08/11/2025) |
| 08/11/2025 | 79 (p.934) | BRIEF filed *as amici curiae* by Institute for Free Speech and Bradley A. Smith. (Yeates, Owen) (Entered: 08/11/2025) |
| 08/11/2025 | 80 (p.971) | Brief of Amicus Curiae in Support re 35 (p.408) JOINT MOTION Order for Entry of Consent Judgment *by Amicus Curiae SAFE SPACE filed by Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc.* . (Hooper, Rachel) Modified on 8/13/2025 (gsm). (Entered: 08/11/2025) |
| 08/14/2025 | 81 | ORAL ORDER: The court has received inquiries about page limits. The parties and all amicus curiae may consult E.D. Tex. Local Rule CV-7(a)(1) to determine page limits for briefing on the motion to enter a consent judgment. That rule imposes a 30-page limit. Pages beyond that limit will be disregarded by the court. Any response remains due on August 15, 2025. Ordered by District Judge J. Campbell Barker on 8/14/2025. (ndc) (Entered: 08/14/2025) |
| 08/15/2025 | 82 (p.997) | RESPONSE in Opposition re 35 (p.408) JOINT MOTION Order for Entry of Consent Judgment *filed by Americans United for Separation of Church and State*. (Zaretsky, Alexandra) (Additional attachment(s) added on 8/19/2025: # 1 (p.19) Proposed Order) (gsm). (Additional attachment(s) added on 8/27/2025: # 2 (p.74) Proposed Order) (gsm). (Entered: 08/15/2025) |
| 08/15/2025 | 83 (p.1020) | FIRST BRIEF filed *in Response to Americans United for Separation of Church and State and Campaign Legal Center* by National Religious Broadcasters. (Farris, Michael) (Entered: 08/15/2025) |
| 08/15/2025 | 84 (p.1048) | RESPONSE re 48 (p.508) MOTION Brief of Amicus Curiae Americans United For Separation of Church and State in Opposition to Joint Motion for Entry of Consent Judgment *and RESPONSE re Brief of Amici Curiae Campaign Legal Center, Public Citizen, and Common Cause filed by The Internal Revenue Service, Danny Werfel*. (Blacker, Jonathan) (Entered: 08/15/2025) |
| 09/22/2025 | 85 (p.1072) | ORDER Setting Hearing on Motions: 37 (p.420) Motion to Intervene and 35 (p.408) Joint Motion for Order for Entry of Consent Judgment. Motion Hearing set for 11/7/2025 at 10:00 AM Eastern in the Howard T. Markey National Courts Building, 717 Madison Place NW, Washington, DC, 20439 in Courtroom 4 before District Judge J. Campbell Barker. Signed by District Judge J. Campbell Barker on 9/22/2025. (ndc) (Entered: 09/22/2025) |
| 10/08/2025 | 86 (p.1074) | **Please disregard. Filed in error.** Modified on 10/9/2025 (jbe). (Entered: 10/09/2025) |
| 10/15/2025 | 87 (p.1077) | FIRST SUR-REPLY to Reply to Response re 35 (p.408) JOINT MOTION Order for Entry of Consent Judgment *filed by National Religious Broadcasters*. (Farris, |

| | | Michael) (Entered: 10/15/2025) |
|---|---|---|
| 10/17/2025 | 88 (p.1081) | UNOPPOSED MOTION to Stay *(United States' Unopposed Motion for a Stay of Hearing Set for November 7, 2025, and Other Deadlines in Light of Lapse of Appropriations)* by The Internal Revenue Service. (Attachments: # 1 (p.19) Proposed Order)(Blacker, Jonathan) (Entered: 10/17/2025) |
| 10/17/2025 | 89 (p.1086) | ORDER denying 88 (p.1081) Motion to Stay. Signed by District Judge J. Campbell Barker on 10/17/2025. (ndc) (Entered: 10/17/2025) |
| 10/22/2025 | 90 (p.1088) | ORDER: The hearing set for November 7, 2025, at 10:00 am on the joint motion for order of entry of consent judgment 35 (p.408) and the motion to intervene 37 (p.420) is canceled. Signed by District Judge J. Campbell Barker on 10/22/2025. (ndc) (Entered: 10/22/2025) |
| 10/29/2025 | 91 (p.1089) | ORDER Setting Hearing on Motions: 37 (p.420) Opposed Motion to Intervene and 35 (p.408) Joint Motion for Entry of Consent Judgment. Motion Hearing set for 11/25/2025 at 10:00 AM before District Judge J. Campbell Barker in the Earle Cabell Federal Building, 1100 Commerce St., Dallas, Texas 75242. Signed by District Judge J. Campbell Barker on 10/29/2025. (ndc) (Entered: 10/29/2025) |
| 10/30/2025 | 92 (p.1091) | MOTION Remote Hearing by Americans United for Separation of Church and State. (Attachments: # 1 (p.19) Proposed Order)(Zaretsky, Alexandra) (Entered: 10/30/2025) |
| 11/03/2025 | 93 (p.1095) | FIRST RESPONSE in Opposition re 92 (p.1091) MOTION Remote Hearing *filed by National Religious Broadcasters*. (Attachments: # 1 (p.19) Proposed Order)(Farris, Michael) (Entered: 11/03/2025) |
| 11/03/2025 | 94 (p.1100) | ORDER denying 92 (p.1091) Motion to convert hearing to a virtual format. Signed by District Judge J. Campbell Barker on 11/3/2025. (ndc) (Entered: 11/03/2025) |
| 11/05/2025 | 95 (p.1101) | NOTICE of Attorney Appearance by Aaron Henricks on behalf of All Defendants (Henricks, Aaron) (Entered: 11/05/2025) |
| 11/21/2025 | | NOTICE: The motion hearing scheduled for 11/25/2025 will be in courtroom 1525 in the Earle Cabell Federal Building, 1100 Commerce St., Dallas, Texas 75242. (ndc) (Entered: 11/21/2025) |
| 11/25/2025 | 96 (p.1102) | Minute Entry for proceedings held before District Judge J. Campbell Barker: Motion Hearing held on 11/25/2025 from 10:02 - 11:29 AM re 35 (p.408) JOINT MOTION Order for Entry of Consent Judgment and 37 (p.420) OPPOSED MOTION to Intervene. Attorney Appearances: Plaintiff - Michael Farris, Rita Peters, Andrew Stinson; Defense - Aaron Henricks. Amicus - Alexandra Zaretsky, Jessica Zalph. No exhibits. Court Reporter - Leslie Kesterson (ndc) (Entered: 11/25/2025) |
| 12/02/2025 | 97 (p.1148) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motions Hearing Proceedings on 11/25/2025 before Judge J. Campbell Barker. Court Reporter/Transcriber: Leslie A. Kesterson,Telephone number: 903.590.1065.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 12/23/2025. Release of Transcript Restriction set for 3/2/2026. (Kesterson, Leslie) Modified added date of hearing on 12/3/2025 (bmf). (Entered: 12/02/2025) |
| 12/03/2025 | 98 (p.1104) | Paper Transcript Request by The Internal Revenue Service for 11/25/2025 before Judge J. Campbell "Barker. (Sobotka, Andrew) Modified on 12/4/2025 to edit docket text to reflect court reporter Leslie Kesterson was notified on 12/3/25 of the request (jbe). (Entered: 12/03/2025) |
| 12/05/2025 | 99 (p.1106) | BRIEF filed by National Religious Broadcasters. (Farris, Michael) (Entered: 12/05/2025) |
| 12/05/2025 | 100 (p.1110) | NOTICE *OF SUPPLEMENTAL LETTER BRIEF FILED* by The Internal Revenue Service, Danny Werfel (Blacker, Jonathan) (Entered: 12/05/2025) |
| 12/05/2025 | 101 (p.1113) | FIRST SUR-REPLY to Reply to Response re 35 (p.408) JOINT MOTION Order for Entry of Consent Judgment *filed by Americans United for Separation of Church and State*. (Zaretsky, Alexandra) (Entered: 12/05/2025) |
| 12/12/2025 | 102 (p.1118) | ORDER denying 37 (p.420) AUSCS's Opposed Motion to Intervene and striking 38 (p.443) answer as intervenor-defendant. The court stays proceedings and administratively closes this case for 60 days and then during the pendency of any appeal from this order. Signed by District Judge J. Campbell Barker on 12/12/2025. (ndc) (Entered: 12/12/2025) |
| 01/22/2026 | 103 (p.1129) | UNOPPOSED MOTION to Withdraw as Attorney *Alexandra Zaretsky* by Americans United for Separation of Church and State. (Attachments: # 1 (p.19) Proposed Order)(Zaretsky, Alexandra) (Entered: 01/22/2026) |
| 02/02/2026 | 104 | ORAL ORDER: Americans United for Separation of Church and State's unopposed motion to withdraw Alexandra Zaretsky as attorney, Doc. 103 (p.1129) , is granted. Attorney Alexandra Zaretsky terminated. Ordered by District Judge J. Campbell Barker on 2/2/2026. (ndc) (Entered: 02/02/2026) |
| 02/12/2026 | 105 | MINUTE ORDER: The administrative closure of this case has expired because no appeal has been taken within 60 days of the court's 102 (p.1118) Order denying AUSCS's Opposed Motion to Intervene and striking answer as intervenor-defendant. Ordered by District Judge J. Campbell Barker on 2/12/2026. (ndc) (Entered: 02/12/2026) |
| 03/31/2026 | 106 (p.1133) | OPINION AND ORDER. This case is dismissed without prejudice for lack of subject-matter jurisdiction. Signed by District Judge J. Campbell Barker on 3/31/2026. (ndc) (Entered: 03/31/2026) |
| 03/31/2026 | 107 (p.1142) | FINAL JUDGMENT. All claims in this matter are dismissed without prejudice for lack of subject-matter jurisdiction. Signed by District Judge J. Campbell Barker on 3/31/2026. (ndc) (Entered: 03/31/2026) |
| 04/22/2026 | 108 (p.1143) | NOTICE OF FIRST APPEAL to the Fifth Circuit as to 106 (p.1133) Order, Terminate Motions by National Religious Broadcasters. Filing fee $605, receipt number ATXEDC-11497727. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. USCA5 electronically notified. Copy of NOA to be sent by US Mail to appellees not electronically noticed. (Farris, Michael) (Entered: 04/22/2026) |

| 05/04/2026 | 109 (p.1146) | FIRST TRANSCRIPT REQUEST by National Religious Broadcasters (Farris, Michael) Modified on 5/4/2026 to note the transcript is already on file. (jbe). (Entered: 05/04/2026) |
| --- | --- | --- |
| 05/20/2026 | | NOTICE of Docketing Notice of Appeal from USCA re 108 (p.1143) Notice of Appeal, filed by National Religious Broadcasters. USCA Case Number 26-40237 (gsm) (Entered: 05/20/2026) |



**TAB 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

NATIONAL RELIGIOUS BROADCASTERS, SAND
SPRINGS CHURCH, FIRST BAPTIST CHURCH
WASKOM, and INTERCESSORS FOR AMERICA

      Plaintiffs,

v.

SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF
THE INTERNAL REVENUE SERVICE, and THE
INTERNAL REVENUE SERVICE

      Defendants.

Civil Action No. 6:24-cv-00311

**PLAINTIFFS' NOTICE OF APPEAL**

Plaintiffs National Religious Broadcasters, Sand Springs Church, First Baptist Church Waskom, and Intercessors for America (collectively "Plaintiffs") appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment rendered on March 31, 2026 (Dkt. 107) and from all orders and decisions encompassed therein, including without limitation the Opinion and Order dismissing this matter for lack of subject-matter jurisdiction (Dkt. 106).

Dated: April 22, 2026

Respectfully submitted,

*/s/ Michael P. Farris*

Michael Farris
DC Bar No. 385969
National Religious Broadcasters
800 Maryland Avenue NE
Washington, DC 20002
571-359-6000
mfarris@nrb.org

David A. Kallman
MI Bar No. P34200
Stephen P. Kallman
MI Bar No. P75622
Kallman Legal Group, PLLC
Attorney at Law
5600 W. Mount Hope Hwy.
Lansing, MI 48917
517-322-3207
dave@kallmanlegal.com
steve@kallmanlegal.com

Rita M. Peters
VA State Bar No. 46821
7586 Stoney Lick Road
Mount Crawford, VA 22841
540-830-1229
rpeters@selfgovern.com

Andrew W. Stinson
State Bar No. 24028013
Ramey & Flock, PC
100 E. Ferguson Street, Suite 500
Tyler, TX 75702
903-597-3301
astinson@rameyflock.com

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed by Plaintiffs on April 22, 2026, and that counsel for all other parties will thereby be automatically served with an electronic copy via the CM/ECF system.


Dated: April 22, 2026                    /s/ Michael P. Farris
                                         Michael P. Farris

3

**TAB 3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00311

———

**National Religious Broadcasters et al.,**
*Plaintiffs,*

v.

**Scott Bessent et al.,**
*Defendants.*

———

## OPINION AND ORDER

This case involves eligibility for federal tax benefits. Congress grants an income-tax exemption to defined religious, educational, and public-interest organizations, 26 U.S.C. § 501(c)(3), and makes donations to covered organizations deductible from one's taxable income, *id.* § 170(c)(2). Qualifying as such an organization requires a covered purpose, non-profit status, and that:

> no substantial part of the activities of [the organization] is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and [the organization] *does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.*

*Id.* § 501(c)(3) (emphasis added). The italicized requirement was added in 1954 and is known as the Johnson Amendment. *See* 100 Cong. Rec. 9604 (1954). Organizations that engage in the political activity defined there can potentially lose their tax-exempt status.

Plaintiffs are two churches and two other nonprofit groups focused on religious practice. Doc. 20 at 6–7 ¶¶ 28–31. They allege self-censorship from activities that would threaten their tax-exempt status under the Johnson Amendment. *Id.* at 7–13 ¶¶ 34–41. Plaintiffs contend that the Johnson Amendment, facially and as applied to them, violates the First Amendment rights to freedom of speech and free exercise of religion, the void-for-vagueness and

- 1 -

equal-protection strands of Fifth Amendment due-process doctrine, and the Religious Freedom Restoration Act (RFRA). *Id.* at 46–55 ¶¶ 110–57.

Defendants are the IRS and its Commissioner. *Id.* at 7 ¶¶ 32–33. They moved to dismiss the original complaint for lack of standing, lack of statutory jurisdiction, and on the merits. Doc. 13. That motion was mooted by plaintiffs' amended complaint. Doc. 20. Under a new administration, defendants answered and then joined plaintiffs in moving for entry of a consent judgment as a final resolution of plaintiffs' claims. Docs. 30, 35. That triggered a motion by Americans United for Separation of Church and State to answer the complaint as an intervenor-defendant or, in the alternative, file an amicus curiae brief. Doc. 37. The court held oral argument on both motions and received post-argument briefing. Docs. 96, 99, 100, 101. The court denied Americans United's motion to intervene but granted it leave to file an amicus curiae brief. Doc. 102.

The court now considers its jurisdiction to enter the proposed relief and finds that it is barred by the Tax Anti-Injunction Act (AIA) and the related tax-suit bar in the Declaratory Judgment Act (DJA). Plaintiffs are not challenging a burden that arises "separate and apart from" a tax. *Cf. CIC Servs., LLC v. IRS*, 593 U.S. 209, 220–22 (2021). The Johnson Amendment exempts organizations from *taxes* if they do not participate or intervene in political campaigns. If credited, then, plaintiffs' claims would restrain the assessment or collection of a tax based on certain activity. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 738–39 (1974) (holding that a suit to prevent the loss of § 501(c)(3) status is a suit to enjoin taxation). The AIA and DJA thus withhold jurisdiction over plaintiffs' claims.

**1.** Defendants' lead argument is that the AIA does not limit a federal court's jurisdiction if the government agrees to an injunction as part of a settlement. Doc. 84 at 7–8. That argument fails. The AIA's and DJA's tax-suit provisions are jurisdictional,

and a court's jurisdiction is determined from the operative complaint. It cannot be waived or created by litigation conduct.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). That rule applies to the AIA's and DJA's tax-suit provisions because they are jurisdictional. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 346 (5th Cir. 2021) ("The DJA prohibits courts from providing declaratory relief with respect to federal taxes; that prohibition is jurisdictional."); *Matter of Westmoreland Coal Co.*, 968 F.3d 526, 533 (5th Cir. 2020) ("When the AIA applies, it divests courts of subject-matter jurisdiction.").

Subject-matter jurisdiction is determined by the nature of the claims and parties in the operative complaint, not by consent during litigation. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant . . . ."); *People's Bank v. Calhoun*, 102 U.S. 256, 260–61 (1880) ("[M]ere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case."). Entry of a judgment declaring rights or enjoining conduct is an exercise of the judicial power even if the parties consent to it. *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a judicial function and an exercise of the judicial power to render judgment on consent.").

Indeed, enlisting the judicial power is why some litigants prefer to settle cases not with dismissals but with consent judgments—they bind defendants regardless of policy changes. *See Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1136 (D.C. Cir. 1983) (Wilkey, J., dissenting) ("An agency can abandon a rule so long as the change in policy is not arbitrary and capricious; an agency cannot escape a consent decree without the active participation and approval of the court. . . . [G]overnment by consent decree inhibits Congressional influence on agency policy."

- 3 -

(footnote omitted)). But "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

The government cites no authority for its position that its own consent to an injunction regarding a condition for tax benefits creates jurisdiction that the AIA or DJA otherwise denies. It first cites *United States v. United Mine Workers of America*, 330 U.S. 258 (1947), but that decision involved the government as a *plaintiff*. *Id.* at 265 ("The United States on November 18 filed a complaint [to enjoin defendants from encouraging a strike]."). The issue was whether a statute's broad reference to employer-initiated suits to enjoin certain labor practices kept the government from suing for a remedy otherwise available to it. *Id.* at 270. Here, in contrast, the government is the *object* of the claims filed by plaintiffs. The jurisdictional bar here does not interfere with the IRS's ability to sue anyone.

Defendants then cite *Leiter Minerals, Inc. v. United States*, 352 U.S. 220 (1957), but that case concerned the remedial limitation concerning state courts in 28 U.S.C. § 2283, *id.* at 224, which "is not a jurisdictional statute, but goes only to the granting of a particular form of equitable relief." *Matter of Mooney Aircraft, Inc.*, 730 F.2d 367, 372 (5th Cir. 1984); *Machesky v. Bizzell*, 414 F.2d 283, 287 (5th Cir. 1969) ("§ 2283 is non-jurisdictional in that it is no more than a statutory enactment of the principle of comity for application in the relationship between federal and state courts"). That flexible principle of comity gives no license to rewrite Congress's statutory limits on a court's jurisdiction.

Defendants' final citation is also far afield. *United States v. Hercules, Inc.*, 961 F.2d 796 (8th Cir. 1992), concerned statutory limits on an executive officer's authority. It did not discuss a federal court's jurisdiction or purport to overrule the black-letter rule that party consent does not confer subject-matter jurisdiction on federal courts. *Ins. Corp. of Ir.*, 456 U.S. at 702.

**2.** The DJA and AIA apply here because plaintiffs' claims are "in respect to" taxes and seek to restrain the threat of tax

- 4 -

collection or assessment based on certain activity. *See* 26 U.S.C. § 7421; 28 U.S.C. § 2201; *Bob Jones Univ.*, 416 U.S. at 748–49 (holding that the AIA precluded jurisdiction over a suit seeking relief from the threatened loss of the plaintiff's tax-exempt status under § 501(c)(3)).

As relief on their claims, plaintiffs seek a declaration "that the Johnson Amendment is unconstitutional" and an injunction against defendants "prohibiting them from enforcing the Johnson Amendment." Doc. 20 at 56. As noted, the Johnson Amendment is a condition of tax-exempt status under § 501(c)(3) and the tax-deductibility of donations under § 170(c)(2). Relief enjoining the Johnson Amendment's enforcement or declaring that it does not apply to specific conduct would thus directly bear on the amount of tax that could be collected. It would prevent revoking an organization's tax-exempt status under § 501(c)(3) based on the specified conduct, imposing an excise tax for that conduct as a prohibited political expenditure under 26 U.S.C. § 4955, or seeking to enjoin an organization under 26 U.S.C. § 7409 to abandon either that conduct or tax-exempt status.

Put differently, if the plaintiffs here gave up their § 501(c)(3) tax-exempt status, none of the harms they allege could occur. That is the same dynamic as in *Bob Jones University*, which held the AIA's jurisdictional bar applicable. *See also Crenshaw Cnty. Priv. Sch. Found. v. Connally*, 474 F.2d 1185, 1188 (5th Cir. 1973) (holding that the AIA applied because, without tax-exempt status, the plaintiff "will be liable for taxes on any net income realized by it and contributors to it will not be permitted to deduct from their gross income the amount of their contributions. Either event will result in an increase in taxes.").

Plaintiffs rely on a false dichotomy in arguing that "[i]t is their speech, not their money, that is at stake here." Doc. 83 at 4. Both are implicated. The rights underlying plaintiffs' claims for relief arise under the First Amendment as well as the Fifth Amendment and RFRA. *Cf. Bob Jones Univ.*, 416 U.S. at 736 (addressing claims under the rights to free exercise of religion, to free association,

- 5 -

and to due process and equal protection of the laws). But the relief sought is from the allegedly threatened enforcement of a condition for *tax benefits*: an organization's tax-exempt status and a donation's tax deductibility. It is the potential enforcement of *tax* conditions (the Johnson Amendment) that allegedly infringes the legal rights invoked.

That distinguishes this case from others challenging tax-independent burdens. For example, the plaintiffs in *CIC Services* challenged an information-reporting regime that imposed costs "separate and apart from" any potential tax liability that might accrue based on the information—a matter "several steps removed"—and which was enforced by a freestanding criminal penalty for failure to report. 593 U.S. at 220–22. This case does not involve any penalty independent of tax status. It does not involve reporting costs with no proximate relation to tax collection. The claims allege that the Johnson Amendment cannot lawfully be applied to condition *tax* consequences on certain expressive conduct.

Similarly, *Linn v. Chivatero* challenged the seizure of records by federal agents and sought the return of that property. 714 F.2d 1278, 1279 (5th Cir. 1983). The court had jurisdiction there because the litigant did not "challenge the propriety of any tax that may be assessed against him" but instead only the government's seizure and use of records. *Id.* at 1283. As such, the status of the government agents "as tax officials is incidental to the underlying complaint." *Id.* at 1282. The opposite is true here. The complaint seeks relief from potential enforcement of the Johnson Amendment—a condition for tax advantages.

*Linn* in fact recognized several principles applicable here. The Fifth Circuit noted that a plaintiff's "decision to cast his lawsuit in constitutional terms does not mean that the Anti-Injunction Act is inapplicable." *Id.* That overcomes plaintiffs' appeal to the constitutional nature of their legal rights.

*Linn* also noted that the Fifth Circuit has "interpreted the Act broadly: it is applicable not only to the assessment and collection of taxes, but to 'activities which are intended to or may culminate

in the assessment or collection of taxes' as well." *Id.* (quoting *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds*, 646 F.2d 223 (5th Cir. 1981)). Enforcement of the Johnson Amendment—what is disputed here—would directly affect the assessment or collection of taxes on income that would otherwise be exempt or deductible.

As such, the AIA removes this court's jurisdiction to issue injunctive relief in this "suit for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Declaratory relief is also outside this court's jurisdiction. The DJA withholds jurisdiction to declare party rights "with respect to Federal Taxes." 28 U.S.C. § 2201(a). And the DJA's bar is "at least as broad" as the AIA's bar. *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976).

Other fora, however, may be available. A refund suit could be brought if a tax were ultimately collected. 26 U.S.C. § 7422; 28 U.S.C. §§ 1346(a)(1), 1491. And an exception in 28 U.S.C. § 2201(a) now allows a 26 U.S.C. § 7428(a) declaratory suit—available in one of three courts headquartered in the District of Columbia—if the IRS were to make any determination with respect to an organization's § 501(c)(3) tax-exempt status. A dispute in that posture would also have the benefit of a specific set of facts upon which the IRS made a determination.

**3.** The parties appeal to "a narrow, judicially created exception" to the AIA recognized by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). That exception applies only if (1) "it is clear that under no circumstances could the Government ultimately prevail" and (2) "equity jurisdiction otherwise exists." *Id.* at 7. The first prong requires that the plaintiff have a "certainty of success on the merits." *Bob Jones Univ.*, 416 U.S. at 737. The second prong requires the plaintiff to show that irreparable harm will occur absent an injunction—"harm for which there is no adequate remedy at law." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). These prongs define a "stringent" test, *Bob*

*Jones Univ.*, 416 U.S. at 737, that is "most onerous . . . indeed," *Connally*, 474 F.2d at 1187.

As to the second prong, it is not obvious that the government will ever assess an income tax against plaintiffs or impose any other tax consequence under the Johnson Amendment. In any event, after *Bob Jones University*, Congress provided the remedy under 26 U.S.C. § 7428(a) of a pre-tax declaratory suit if the IRS makes a determination about an organization's § 501(c)(3) status. The prospect of a taxpayer paying a tax that results in financial ruin not fixable by a later tax refund—the reason for this narrow, equitable exception—is thus not present.

The exception's first prong is also not met. It requires that a court adopt the "most liberal view of the law and the facts" that favors the taxing authority. *Williams Packing*, 370 U.S. at 7. The prong then requires a "certainty" that the government would collect a tax doomed to be refunded. *Bob Jones Univ.*, 416 U.S. at 737. Given the open-textured nature of the legal provisions at issue here and the wide array of potential facts discussed in the complaint, the court is not prepared to find plaintiffs' contentions so undebatable as to foreclose any possibility of government success. *Cf. id.* at 748 (holding that the "petitioner's First Amendment, due process, and equal protection contentions are sufficiently debatable to foreclose any notion that under no circumstances could the Government ultimately prevail") (quotation marks omitted). The court of course reaches that decision "[w]ithout deciding the merits." *Id.* at 748–49.

**4.** Citing *South Carolina v. Regan*, 465 U.S. 367 (1984), plaintiffs argue that 26 U.S.C. § 7428 "provides no remedy for the chilling effect" on plaintiffs' speech because they have not been subject to an adverse § 501(c)(3) determination. Doc. 83 at 3–4. That echoes the argument in *Bob Jones University* about the "pressures operating on organizations facing revocation of § 501(c)(3) status" before it occurs. 416 U.S. at 731. But the Supreme Court there focused on taxes—the nature of the jurisdictional bar—noting that a tax-refund suit was available and offered "a full, albeit

delayed, opportunity to litigate" the applicability of § 501(c)(3) conditions in light of a party's constitutional rights. *Id.* at 746.

So, even as the law stood in *Bob Jones University*, it was "not a case in which an aggrieved party has no access at all to judicial review." *Id.* Access to judicial review was then expanded by Congress's addition of § 7428(a)'s procedure for pre-tax declaratory relief. Plaintiffs present arguments about the consequences of requiring them to use that procedure. But Congress "is the appropriate body to weigh the relevant, policy-laden considerations, such as the harshness of the present law, the consequences of an unjustified revocation of § 501(c)(3) status, [and] the number of organizations in any year threatened with such revocation." *Id.* at 750. This court also need not decide whether such consequences give plaintiffs standing under *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), for Congress can withhold an inferior court's statutory jurisdiction to decide even Article III cases and controversies. *Bob Jones Univ.*, 416 U.S. at 746 (rejecting due-process challenge to the AIA).

\* \* \*

For the reasons explained above, this case is dismissed without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

*So ordered by the court on March 31, 2026.*

J. CAMPBELL BARKER
United States District Judge



**TAB 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00311

———

**National Religious Broadcasters et al.,**
*Plaintiffs,*

v.

**Scott Bessent et al.,**
*Defendants.*

———

# FINAL JUDGMENT

All claims in this matter are dismissed without prejudice for lack of subject-matter jurisdiction. The clerk of court is directed to close the case.

*So ordered by the court on March 31, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

*s/ Michael P. Farris*
Michael P. Farris
*Counsel for Appellants*